*620 MEMORANDUM *
Plaintiffs Michael and Katherine Neu-mann appeal the district court’s grant of summary judgment in favor of defendant Allstate Insurance Company. We affirm.
With respect to the breach of contract claim, under California law, “[t]he standard elements of a claim for breach of 'contract are: (1) the contract, (2) plaintiffs performance or excuse for nonperformance, (3) defendant’s breach, and (4) damage to plaintiff therefrom.” Wall St. Network, Ltd. v. New York Times Co., 164 Cal.App.4th 1171, 80 Cal.Rptr.3d 6, 12 (2008) (citation omitted). After invoking the insurance contract’s appraisal clause, the Neumanns were required to “appoint and pay a qualified appraiser.” The district court concluded that the retired judge appointed by the Neumanns was not a “qualified appraiser” within the meaning of the contract term, and that their nonperformance barred their breach of contract claim. We agree.
The Neumanns contend that the retired judge was “extremely knowledgeable in the adjudication and resolution of all types of disputes, including property damage claims,” but serving as a judge does not qualify a person as an expert as to each and every subject matter that might have been litigated before the judge. The Neu-manns failed to produce any evidence that he had knowledge or experience in appraising damaged automobiles. While acting as the appointed appraiser, he did nothing to indicate that he possessed the required expertise. Rather than appraising the damages himself, he simply adopted the estimate prepared by Eli’s Auto Body.
The Neumanns also contend that whether the retired judge was a “qualified appraiser” was a triable issue of material fact that should have been left for a jury. Under California law, “[ijnterpretation of an insurance policy presents a question of law • governed by the general rules of contract interpretation.” Davis v. Farmers Ins. Grp., 134 Cal.App.4th 100, 35 Cal.Rptr.3d 738, 742 (2005) (citation omitted). The term in question was not actually negotiated between the parties, so there was no relevant evidence beyond the words of the contract. Similarly, there was no conflicting evidence offered as to the judge’s expertise. There was no genuine dispute as to material fact for a jury to resolve.
With respect to the claim that Allstate breached the covenant of good faith and fair dealing, we agree with the district court that the Neumanns failed to establish the necessary elements. Where the withholding of benefits is the basis for an allegation of bad faith, a plaintiff must establish that (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits must have been unreasonable or without proper cause. Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 255 (1990). The Neumanns claim that Allstate’s conduct during the appraísál process caused unreasonable delay and constituted bad faith. We disagree.
The Neumanns argue that Allstate delayed the appraisal process by failing to select its own appraiser. Even if Allstate failed to use the word “appraiser” in its correspondence with the first person it appointed, it is undisputed that Allstate arranged for him to prepare an estimate of the damage sustained by the automobile. His refusal to inspect the vehicle at Eli’s may have delayed the process, but the duration of that delay was not substantial, and the Neumanns failed to establish that *621 Allstate should have anticipated that problem or sought to take advantage of it. To the contrary, Allstate worked for several weeks in an attempt to transport the automobile at its own expense. When that effort failed, Allstate appointed a new appraiser, who inspected the vehicle and provided his appraisal within a .reasonable time period. The substantial delay thereafter was the result of the Neumanns’ refusal to participate in the appraisal process.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.